**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

DOMINICK SANDERS,
     Petitioner,

v.

WARDEN, Western Illinois
Correctional Center,
      Respondent.

Case No. 1:25-cv-1466-JEH

## Opinion

Before the Court is Petitioner Dominick Sanders' Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). For the reasons below, the Court DISMISSES Petitioner Sanders' Petition (Doc. 1), and DECLINES to issue a certificate of appealability.

### I[1]

In 2010, when Sanders was 22 years old, Illinois charged Sanders with first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, aggravated unlawful use of a weapon, and unlawful possession of a weapon by a felon. *People v. Sanders,* 2019 IL App (3d) 170188-U, ¶ 2, 720 ILCS 5/9-1(a)(1) (West 2010) 720 ILCS 12-4.2(a)(1) (West 2010), 720 ILCS 24-1.2(a)(1) (West 2010), 720 ILCS 24-1.6(a)(1) (West 2010); 720 ILCS 24-1.1(a) (West 2010). The case proceeded to a jury trial, where the evidence established that a woman named Joyce Renfro was in an argument with a woman named Patrice near her

---

[1] Unless otherwise noted, the facts are taken from the undisputed facts in Respondent's Response. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

apartment. *Sanders,* 2019 IL App (3d) 170188-U, ¶ 5. Patrice called for Sanders, who came out of an apartment with an automatic firearm. *Id.* Nick Renfro, Joyce's son, pushed Joyce into her apartment. *Id.* Sanders fired shots toward them and bullets traveled through the apartment door and struck both Nick and Joyce. *Id.* Nick later died from multiple gunshot wounds to his back. *Id.* Joyce survived with one gunshot wound to her leg. *Id.* The jury found Sanders guilty on all counts. *Id.*

At Sanders' original sentencing hearing, the trial court sentenced Sanders to a combined sentence of 95-years of imprisonment. *Id.* ¶ 6. On direct appeal, the Illinois Appellate Court reversed Sanders sentence, finding that the trial court erred when it considered a factor inherent in the offense of first degree murder. *People v. Sanders,* 2016 IL App (3d) 130511. The case was remanded for a new sentencing hearing. *Id.* At the new sentencing hearing, Sanders was given the same total imprisonment sentence of 95 years. *Sanders,* 2019 IL App (3d) 170188-U, ¶ 17.

Sanders again appealed, raising additional sentencing claims not relevant here. The Illinois Appellate Court affirmed his sentence, the Illinois Supreme Court denied Sanders' Petition for Leave to Appeal (PLA) on September 25, 2019. *People v. Sanders*, No. 124950 (Ill. 2019).

On March 9, 2020, Sanders filed a pro se postconviction petition, which included the following claims:

1. The state failed to disclose that an eyewitness testified pursuant to a beneficial agreement with prosecutors, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

2. Trial counsel was ineffective for failing to investigate and discover the witness's beneficial agreement; and

3. Sanders' sentence for murder was a de facto life sentence that violated (a) the Eighth Amendment as applied in *Miller v.*

*Alabama*, 567 U.S. 460 (2012); and (b) the Illinois Constitution's proportionate penalties clause.

Along with Sanders' postconviction petition, he filed a proof of service that certified he mailed it to the court on February 20, 2020. The petition was summarily dismissed by the circuit court and Sanders appealed.

Sanders was appointed counsel on appeal and argued only that his sentence violated the United States and Illinois Constitutions. *People v. Sanders*, 2023 IL App (3d) 200209-U, ¶ 11. The Illinois Appellate Court affirmed. *Id.* ¶ 15–18. Sanders repeated the sentencing claims in a PLA, which the Illinois Supreme Court denied on January 29, 2025. *People v. Sanders*, No. 130163 (Ill. 2025).

Sanders filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on November 18, 2025. He brings three grounds for relief:

1. Postconviction counsel was ineffective for abandoning Sanders' Brady claim on postconviction appeal, Doc. 1-2 at 11-13;

2. Sanders' sentence is a de facto life sentence that violates the Eighth Amendment given his youth at the time of the crime, *id*. at 14-17; and

3. Sanders' sentence violates the Illinois Constitution's proportionate penalties clause, *id*. at 18-21.

The Petition was signed and dated October 27, 2025, but the Petition does not indicate when it was provided to prison officials for electronic filing. (Doc. 1 at 16). Respondent has filed a response in opposition arguing that grounds for relief are untimely, noncognizable, and meritless.

## II

As explained below, the Court declines to decide if Sanders' § 2254 Petition is timely. Nonetheless, his Petition still must be dismissed: two of his grounds of relief are not cognizable in a federal habeas petition, and his remaining Eighth Amendment claim is meritless.

## A

A one-year statute of limitations applies to federal habeas petitions challenging state court convictions. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The limitations period is ordinarily calculated under § 2244(d)(1)(A). *Mayle v. Felix*, 545 U.S. 644, 662 (2005). Under subsection (A), the relevant "judgment" is the date on which the conviction and sentence become final. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). However, the statute of limitations is tolled during the pendency of a properly filed application for state postconviction relief. *See* 28 U.S.C. § 2244(d)(2).

Sanders' judgment became final on December 24, 2019, ninety days after the Illinois Supreme Court denied his PLA, which is when his time to file a petition for writ of certiorari with the United States Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (judgment becomes final upon expiration of deadline to petition for writ of certiorari). Respondent argues that

4

the limitations period ran for 76 days, until Sanders filed his postconviction petition on March 9, 2020. *See* 28 U.S.C. § 2244(d)(2). If so, when the limitation period began running again on January 30, 2025, the day after the Illinois Supreme Court denied his postconviction PLA, s*ee Lawrence v. Florida*, 549 U.S. 327, 332 (2007), Sanders had 289 days remaining to file his federal petition. This landed on November 14, 2025, which would make his Petition filed November 18, 2025, four days late.

On the other hand, Sanders' state postconviction petition included a certificate of service that it was mailed to the "Clerk of the Circuit Court of Peoria County, Peoria County Courthouse" on February 22, 2020. (Doc. 12-3 at 60). If filing in federal court, Sanders would have a strong argument that prison mailbox rule applied to deem the petition filed "at the moment the prisoner delivers it to a prison official for mailing to the court." *Ray v. Clements*, 700 F.3d 993, 1002 (7th Cir. 2012) (citing *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)). If February 22, 2020, is the date his state postconviction petition was deemed filed, his statute of limitations period was tolled 16 days earlier. This would make his federal petition not four days late, but 12 days before the deadline.

However, the mailbox rule does not apply to "a state pro se prisoner's post-conviction filings" where "the state where the prisoner was convicted has clearly rejected the rule." *Ray v. Clements*, 700 F.3d 993, 1004 (7th Cir. 2012). Respondent concedes that Illinois has adopted the mailbox rule, but states it has done so only in part. At the time of filing, Illinois Supreme Court Rule 373 provided that "the time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing." Ill. S. Ct. R. 373 (2020). Sanders' postconviction petition was

received within the statutory time limit, see 725 ILCS 5/122-1(c), and accordingly the trial court deemed it filed on the date the clerk received it.

Respondent's argument is essentially that because Illinois has not expressly adopted the prisoner mailbox rule in instances where it will not impact a filing's timeliness under state law, that it has "clearly rejected" the rule in those instances. The Seventh Circuit has not addressed the limits of the prison mailbox rule under Illinois law, but Respondent's argument is similar in some circumstances to the argument the Seventh Circuit rejected in *Ray*. In *Ray*, the state of Wisconsin argued that the state's prison mailbox rule does not apply where a prisoner's filing is not subject to a timeliness requirement. 700 F.3d at 1005. Since Wisconsin allows a prisoner's post-conviction motion to be filled at any time, Wisconsin argued the mailbox rule would not be applied under state procedural rules. *Id.* The Seventh Circuit, however, did not find this procedural setup to be proof that Wisconsin "clearly rejected the [prison mailbox] rule." *Id.* Wisconsin, like Illinois here, generally adopted the rule and the Seventh Circuit found that "[a] pro se prisoner's unique litigation disadvantages do not disappear when filing deadlines are eliminated." *Id*. The Court highlighted that there are consequences outside of state law that Wisconsin's procedures did not address:

> Suppose it was undisputed that Ray gave his postconviction motion to a prison official within AEDPA's one-year time frame but the state court received the document one year and one day later due to some honest oversight in the prison mail system. Accepting the state's position would leave Ray without a federal forum to collaterally attack his conviction, unless he could prove his entitlement to equitable tolling. Statutory tolling would offer no reprieve because without the benefit of the mailbox rule, Ray's state motion was not "properly filed" within AEDPA's one-year period. The state is comfortable with this result because section 974.06 itself imposes no filing deadline. But we are not. In our hypothetical, Ray's inability to

6

control and monitor his mailings would be the reason for his habeas misfortune. The Supreme Court established the *Houston* mailbox rule to obviate such objectionable outcomes.

*Id.*

Looking at the Illinois rule, it could easily be said that Illinois has created a simple rule to follow for setting deadlines in cases filed in Illinois courts. Like in Wisconsin, the prison-mailbox rule is only disregarded where it will not impact the timeliness of filings in Illinois courts. By applying the mailbox rule where it will have an impact in state court proceedings, Illinois appears to have clearly *adopted* the mailbox rule. And, further complicating the issue here, is that federal district courts have routinely assumed without deciding that mailbox rule *does* apply, albeit in cases where distinction did not alter the timeliness result. *See McGee v. Dennison*, No. 20 C 3652, 2021 WL 4745664, at *2 (N.D. Ill. Sept. 30, 2021) (assuming the Illinois mailbox rule applied, but finding the federal petition was still untimely); *Heilman v. Hardy*, 849 F. Supp. 2d 796, 800 (C.D. Ill. 2012) (finding mailbox rule is recognized in Illinois state courts and using the date Sanders mailed his state postconviction petition to the circuit court as the date tolling began for habeas purposes); *Simmons v. Atchison*, 891 F. Supp. 2d 990, 994 (N.D. Ill. 2012) (noting that "Illinois does apply the mailbox rule").

The parties' briefs have not addressed any of these issues. So, the Court finds the record is not sufficiently developed to rule on this legal issue. However, for purposes of this case, the result does not matter because Sanders' claims do not entitle him to relief even if they are timely. Accordingly, in lieu of further briefing, the Court will deny Sanders' Petition for other reasons, as explained below.

**B**

Sanders' claim that postconviction counsel provided ineffective assistance of counsel is not cognizable in a federal habeas petition. There is no constitutional right to postconviction counsel, so errors of postconviction counsel that led to the default of "claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 757 (1991); *see also Crutchfield v. Dennison*, 910 F.3d 968, 971 (7th Cir. 2018) (holding that the exceptions to *Coleman* as announced in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), do not apply to ineffective assistance of counsel claims brought in Illinois).

Moreover, to the extent Sanders' would argue that his postconviction counsel's conduct should excuse the procedural default for Sanders' *Brady* claim, this argument fails as well. If Sanders wanted to avoid procedural default on his *Brady* claim, he could have attempted to file a supplemental pro se brief at the Illinois Appellate Court. *See Kizer v. Uchtman,* 165 Fed. Appx. 465, 468 (7th Cir. 2005) (unpublished) (petitioner fairly presented his claim to the appellate court when he filed a supplemental *pro se* brief); *see also Dorsey v. Kelly,* 112 F.3d 50, 52 (2d Cir. 1997) ("A petitioner may satisfy the exhaustion requirement by presenting his federal claim in a *pro se* supplemental brief, even if he has an attorney."); *U.S. ex rel. Thomas v. Gaetz*, No. 11 C 7743, 2013 WL 53988, at *8 (N.D. Ill. Jan. 2, 2013) (finding no procedural default where petitioner attempted to file a supplemental brief on his postconviction appeal, but refused permission to do so). Sanders did not so, so regardless of his postconviction counsel's conduct, his *Brady* claim remains procedurally defaulted.

**C**

Even if timely, Sanders' claim that his sentence violates the Illinois constitution's proportionate penalties clause is not cognizable in federal review

because it concerns only state law. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

## D

Finally, even if timely, the state court's resolution of Sanders' Eighth Amendment claim is entitled to deference under 28 U.S.C. § 2254(d). Federal habeas review is available "to correct only " 'extreme malfunctions' " in the resolution of federal issues by the criminal justice systems of the sovereign States." *McCarthy v. Hernandez*, 608 U.S. ---, No. 25–748, 2026 WL 1780410, at *4 (U.S. June 22, 2026) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). Thus, where a state court has adjudicated a petitioner's claims on the merits, pursuant to § 2254(d), "[a] federal court may grant a federal petition for habeas corpus only if the state court's ruling on the federal constitutional question 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Snow v. Pfister*, 880 F.3d 857, 863–64 (7th Cir. 2018) (quoting 28 U.S.C. § 2254(d)); *see also Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (when a state court resolves a claim on the merits, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable.").

"[A] decision is deemed "contrary to" clearly established federal law if the state court reached 'a conclusion opposite to that' of the Supreme Court on a legal matter [ ] or if the state court arrived at an outcome in direct contradiction to a 'materially indistinguishable' case decided by the Supreme Court." *Gambaiani v. Greene,* 137 F.4th 627, 632 (7th Cir. 2025) (quoting *Williams v. Taylor,* 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman v. Hardy,* 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams,* 529 U.S. at 407). However, "federal courts are cautious to grant relief, reviewing state-court factual findings with a healthy dose of deference. . . . The proper inquiry focuses [ ] on whether the alleged factual error is beyond debate." *Gambaiani,* 137 F.4th at 632. In conducting this review, courts must "look to the last reasoned state court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Pierce v. Vanihel,* 93 F.4th 1036, 1044 (7th Cir. 2024) (internal quotations omitted).

Sanders was 22 years old at the time he committed his crimes and argues that the sentencing court did not consider "the development of the brain" along with Sanders' difficult drug-filled childhood when giving him a *de facto* life sentence. (Doc. 1-2 at 17–19). Sanders' claims implicitly rely on *Miller v. Alabama,* 567 U.S. 460 (2012). In *Miller,* the Supreme Court held that individuals who committed the offense of *homicide* when they were under 18 years old may only be sentence to life without parole if the sentencing judge has the discretion to impose a lesser punishment. 567 U.S. at 479. Sanders' core constitutional argument is that *Miller* should be extended because scientific studies have shown

10

that that "the brain is not fully developed up to and including" 24-years of age. (Doc. 1-2 at 18).

This ground was raised in Sanders' postconviction petition and the last reasoned decision was the Illinois Appellate Court's decision. *See* Doc. 12-4. However, that court correctly recognized that while Illinois law extended these protections, the *Miller* decision has not been extended to individuals above age 18. *Id.* at 6. Accordingly, as an Eighth Amendment claim, Sanders' argument is "meritless since he was 22 years old at the time of the offenses." *Id.* Given *Miller*'s clear cut-off at 18 years old, the Illinois Appellate Court's decision was reasonable and owed deference under § 2254(d).

### III

Should Sanders wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This will hold true only when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (1995). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, Court does not find that reasonable jurists could disagree that the Sanders' claims are either noncognizable in federal habeas or meritless. Accordingly, the Court declines to issue a certificate of appealability.

### IV

Accordingly, the Court DENIES Petitioner Dominick Sanders' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court

11

DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

It is so ordered.

Entered on July 20, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE